■ In the Matter of MARY ANN CURRAN, Respondent, for the Appointment of a Guardian of the Property of LINDA SALVATI,

an Alleged Incapacitated Person, Respondent. GEORGE J. MC-
CORMACK, Appellant. [781 NYS2d 334]—

Order, Supreme Court, New York County (Lucindo Suarez, J.), entered on or about April 11, 2003, which denied the application of cross-petitioner George J. McCormack for an order awarding attorneys' fees in the amount of $59,322.50, unanimously reversed, on the law and the facts, without costs, and the application granted to the extent of remanding the matter for a hearing by the court or a referee, together with findings and recommendations as to the necessity and benefit inuring to the guardianship estate as the result of Mr. McCormack's efforts on behalf of the guardianship estate and the reasonable value, if any, of the attorneys' fees incurred by him for such efforts. Appeal from order, same court and Justice, entered on or about April 11, 2003, which denied the cross-petition of George J. McCormack for an order appointing him guardian of the property and person of Linda Salvati, unanimously dismissed, without costs, as abandoned.

In denying Mr. McCormack's fee application, the motion court found that, while his efforts may well have been honorably intended, no benefits flowed to the guardianship estate. The court noted that Mr. McCormack appeared later in the proceedings, objected to the settlement of this matter, and forced the estate to incur further expense. However, it is undisputed that Mr. McCormack was not an officious interloper, but the preliminary executor of the estate of Linda Salvati's late sister Virginia Salvati and, as such, was a proper party to cross-petition inasmuch as Linda Salvati was the sole beneficiary of her sister's estate (Mental Hygiene Law § 81.06 [a] [3]). Moreover, we are unable to evaluate the court's findings and the appropriateness of its denial of Mr. McCormack's fee application on the record now before us. That record includes an unopposed affirmation of services rendered on behalf of Mr. McCormack, as cross-petitioner, in which it is alleged that his efforts, advice and objections resulted in a settlement more favorable to the guardianship estate, resulting in substantial financial benefits and savings. Consequently, the matter must be remanded for reconsideration (cf. Matter of Wogelt, 223 AD2d 309, 315 [1996]). Concur—Nardelli, J.P., Andrias, Ellerin, Lerner and Friedman, JJ.